## Brooke's Estate.

*Decedents' estates—Act of June 7, 1917, P. L. 429 (Intestate Act)—Distribution to heirs of equal degree of consanguinity.*

Under the provisions of sections 11 and 19 of the Act of June 7, 1917, P. L. 429 (Intestate Act), where a decedent left seven first cousins, one the child of a deceased aunt, and the other six the children of an uncle, the estate is divided equally between the cousins, each receiving one-seventh.

Argued October 29, 1924.   Appeal, No. 39, April T., 1925, by Carolina B. Beehrman, from decree of O. C. Allegheny Co., Sept. T., 1923, No. 616, dismissing exceptions to the adjudication in the Estate of Louisa Brooke, deceased.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Exceptions to adjudication.   Before MITCHELL, J., in banc.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions.   Exceptant appealed.

*Error assigned* was the decree of the court.

*T. S. Brown,* of *T. S. and O. W. Brown,* for appellant, cited: Miles's Est., 272 Pa. 329; Parr v. Bankhart, 22 Pa. 291; Brenneman's App., 40 Pa. 115; Hayes's App., 89 Pa. 256; Lindley's App., 102 Pa. 235; Cremer's Est., 156 Pa. 40; McConnell's Est., 5 Pa. Superior Ct. 120.

*John H. Wilson,* for appellees.

OPINION BY TREXLER, J., February 27, 1925:

Louisa Brooke, a widow, died intestate leaving seven first cousins, who are the only persons entitled to participate in the distribution of her estate. Carolina B. Beehrman, the appellant, was the only child of a deceased aunt of the decedent and the six other cousins, named Knauff, were the children of an uncle of the decedent. Is Carolina B. Beehrman entitled to one-half of the estate or does she take one-seventh on a parity with the other first cousins? The lower court took the latter position. Sections 11 and 19 of the Act of June 7, 1917, P. L. 429, (the Intestate Act) read as follows: "Section 11. The grandchildren of brothers and sisters and the children of uncles and aunts shall be entitled to take, by representation, the shares of real and personal estate which their parents would have taken if living; but, except as hereinafter provided, there shall be no representation admitted among collaterals after the grandchildren of brothers and sisters and the children of uncles and aunts." "Section 19. Wherever real or personal estate shall descend to or be distributed among several persons, whether lineal or collateral heirs or kindred standing in the same degree of consanguinity to the intestate, if there shall be only one of such degree, he shall take the whole of such estate; and, if there shall be more than one, they shall take in equal shares, and, if real estate, shall hold the same as tenants in common." In Miles's Estate, 272 Pa. 329, MOSCHZISKER, C. J., in commenting on the above sections, although the question in that case arose under other sections of the act stated, "Section 11 apparently deals with the phase of the principle of representation which determines who are entitled to take, and not with its other phase, how division shall be made among those so entitled; the latter aspect of the matter seems to be provided for by section 19." Section 11 states a general proposition, that there shall be representation among "grandchildren of brothers and sisters and the children of uncles and aunts," but no

farther.  Section 19 applies when, either among lineal or collateral heirs, they are all alike as to degree of consanguinity, in such event they shall take alike.  When this situation arises the section applies.  The language is plain.  We need not seek any aid to construction from cases decided under former acts.  Each section has its several purpose.  The two sections read together as applied to the present subject express the thought that there shall be representation but when all kin are of the same degree, the rule shall be otherwise.

The decree is affirmed, appellant to pay cost.